WELCH, J.,
Concurs in Part and Dissents in Part.
hi respectfully write to concur in the ultimate conclusion reached by the majority that the individual defendants’ challenge to the resolution proposing the bond issuance was perempted, thus affirming the final judgment that conclusively recognized the validity of the bonds and the tax. The people of Livingston Parish overwhelmingly approved the issuance of bonds up to $50,000,000 by the Denham Springs Economic Development District (E.D.D.). The will of the electorate should not be displaced by judicial ruling absent fraud or clear error that negates the substance of the voter referendum.
I also concur in the majority’s conclusion that based on the record as presented, the individual defendants were not entitled to actual notice or service of the resolution, although I disagree with the majority’s conclusion that the February 14, 2005 letter in the record from Cheryl Kornick lacked “specificity of identity and a corresponding recognizable substantive liberty or property interest.” Based on the history of this case, counsel for movers knew exactly who the requesting ^parties were and their interest in the matter. However, the record is devoid of any evidence, either introduced or proffered, that there was an agreement to provide actual notice. If there was an agreement, I believe that the dictates of Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950) would mandate actual notice to the individual defendants.
I further write to respectfully dissent in part. The majority concludes, that with regard to the motion to strike filed by E.D.D. on June 24, 2005, and set for hearing on June 28, 2005, there was no due process violation. The majority fails to address that the trial court committed a procedural legal error by holding a hearing on June 28, 2005, on the motion to strike and rendering judgment. Whether it was a motion to strike or a “peremptory exception raising the objection of no cause of action or of prescription,” the Code of Civil Procedure and the Uniform Rules for District Courts provide for proper service of such a pleading, which is clearly lacking in this case. See La. C.C.P. arts. 963 and 1313, and Uniform Dist. Ct. Rules 9.8 and 9.9. Although La. R.S. 13:5121, et seq., provides that the trial court shall proceed to hear and determine all questions of law and fact at the trial on the motion for judgment, the special statutes pertaining to proceedings to determine the validity of the issuance of governmental bonds do not supersede or abrogate the rules of law and procedure set forth in the Louisiana Code of Civil Procedure and the Uniform Rules for District Courts.
*339 For these reasons I respectfully concur in part and dissent in part.